United States District Court
Southern District of Texas
**ENTERED**
November 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIRK WAYNE MCBRIDE, SR., | § § § § | |
| Petitioner, | | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-00041 |
| BOBBY LUMPKIN, | § § § § | |
| Respondent. | | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Kirk Wayne McBride, Sr.'s petition for a writ of habeas corpus. Having carefully considered the petition, the answer, McBride's response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that McBride's petition should be dismissed.

**I.   Background**

McBride is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He challenges the loss of 180 days of good time credit, and he contends that he was not properly credited with time served for time spent in custody on pre-revocation warrants pending revocation of his parole.

**II.   Analysis**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations begins to run on "the date on

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, McBride admits that he was aware of the loss of good time credits by September 17, 2020. *See* Doc. # 18-27 at 11, 17. Therefore, in the absence of tolling, the statute of limitations expired on September 17, 2021.

The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .." 28 U.S.C. § 2244(d)(2). McBride claims that he filed a Time Dispute Resolution form but never received a response. Before an inmate can file a state habeas application challenging loss of good time credits, Texas law requires the inmate to file a time dispute resolution and either receive a response or wait 180 days with no response. *See* TEX. GOV'T CODE § 501.0081(b). Accepting McBride's assertion as true, his time dispute resolution tolled the limitations period by 180 days, extending the federal statute of limitations to March 16, 2022. McBride filed his state habeas application on October 6, 2023. Doc. # 18-27 at 27. Because this was after the limitations period expired, there was nothing left for the state application to toll. McBride filed this federal petition on January 1, 2024, more than 22 months after the limitations period expired. His claim concerning lost good time credits is therefore time barred.

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively

misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted). Moreover, the Fifth Circuit has held that equitable tolling is not warranted based on a petitioner's *pro se* status. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ). McBride fails to show that he is entitled to equitable tolling.

As for McBride's claim that he was not properly credited with time served, the State submitted evidence in connection with McBride's state habeas application showing that he was, in fact, credited with time served. *See* Doc. # 18-27 at 65-68. McBride presents no evidence to the contrary. The evidence thus establishes that this claim is without merit.

### III.  Certificate of Appealability

McBride has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request

for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that McBride's

good time credit claim petition is time-barred and his time served claim is without merit. Therefore, McBride has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

## IV.     Order

For the foregoing reasons, Kirk Wayne McBride, Sr.'s Petition for Writ Of Habeas Corpus (Doc. # 1) is DENIED and is DISMISSED WITH PREJUDICE. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED on November 24, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge